Narkolayeva v Curtin (2018 NY Slip Op 04333)





Narkolayeva v Curtin


2018 NY Slip Op 04333


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2016-09992
 (Index No. 705060/14)

[*1]Regina Narkolayeva, appellant, 
v
Terence G. Curtin, respondent.


Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., Mineola, NY (Melissa C. Ingrassia of counsel), for appellant.
Picciano & Scahill, P.C., Westbury, NY (Keri A. Wehrheim and Andrea E. Ferrucci of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), dated August 31, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
This action arises from a motor vehicle accident that occurred on May 2, 2014, at or near the intersection of Stewart Avenue and Wetherill Road in Nassau County. The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by her in the accident. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the defendant's motion. The plaintiff appeals, and we reverse.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted, inter alia, competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine had fully resolved and did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614).
In opposition, however, the plaintiff submitted evidence raising a triable issue of fact as to whether she sustained a serious injury to the cervical and lumbar regions of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219).
Accordingly, the Supreme Court should have denied the defendant's motion for [*2]summary judgment dismissing the complaint.
BALKIN, J.P., CHAMBERS, ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court